UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CHIRIBOGA, Individually and as Administrator of the Estate of JOYCE CHIRIBOGA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 08 C 7293 |
| NATIONAL RAILROAD PASSENGER CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant National Railroad Passenger Corporation ("Amtrak") for summary judgment against Plaintiff John Chiriboga ("Chiriboga" or "Plaintiff"), individually and as administrator of the estate of Joyce Chiriboga ("Joyce"). For the reasons set forth below, the motion is denied.

## BACKGROUND

This case arises out of an accident that occurred on November 8, 2008, at the Edgebrook Metra station ("the Edgebrook station") in Chicago. That night, Joyce and her sister, Diane Moss ("Diane"), entered the Edgebrook station on the opposite side of the tracks from where Diane was supposed to board a northbound Metra train scheduled

to arrive at approximately 7:00 p.m. To reach the correct, eastern platform, the sisters needed to cross the tracks via the pedestrian crosswalk.

Diane was leading the way and Joyce was following her. As Diane reached the western platform, she looked to her right, saw no northbound Metra train approaching, and kept walking across the five-foot wide western platform at a regular pace. She does not remember looking to her left while walking across the platform. Diane decided to cross the tracks and Joyce followed her. As Diane started crossing the tracks, she looked straight ahead. She was past the first rail and taking the next step when she saw headlights in her peripheral vision on her left hand side. She looked to the north, saw headlights, heard a horn, and ran across the rest of the walkway, safely escaping from a southbound Amtrak train. Joyce, who was still following Diane, was struck and killed by the Amtrak train.

On December 22, 2008, Chiriboga, individually and as administrator of the estate of Joyce, brought suit against Amtrak under the Illinois Wrongful Death Act. 740 Ill. Comp. Stat. 180/0.01. Each side now disputes whether the warnings at the Edgebrook station were sufficient to signal the train's arrival. Amtrak's position is that Joyce was aware of the Amtrak train's arrival and chose not to yield. According to Amtrak, the train's presence was unmistakable because Joyce's view from the platform was unobstructed and the train was carrying two headlights on the locomotive's front and

two auxiliary lights on either side of the plow, which formed a distinguishable triangular pattern. Had she looked, Amtrak argues, she would have seen the onrushing train. Furthermore, Amtrak submits Joyce received additional warning from the activated grade crossing warning system, consisting of flashing lights, crossing gates, and ringing bells, located at Devon avenue, one hundred yards south of the pedestrian crosswalk. Claudia Medina, a witness hired by the Plaintiff, testified that right before the accident, she was sitting in her car in a parking lot adjacent to the Edgebrook station, and heard the bells ringing at the Devon Avenue crossing.

Plaintiff argues that Amtrak's warnings were insufficient to signal the train's approach because the locomotive engineer, Larry Abfalder ("Abfalder"), negligently operated his train by failing keep an adequate lookout for pedestrians and timely blast the horn and ring the engine bell while entering the Edgebrook station. In support of his contentions, Plaintiff presents expert testimony from Richard Beall ("Beall"), a locomotive engineer who has worked several years as a train conductor on passenger trains. Amtrak now moves for summary judgment.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of

law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). With these principles in mind, we turn to the instant motion.

## DISCUSSION

### I. Legal Posture

As a preliminary matter, the Court clarifies the legal posture of the case. In the complaint, Plaintiff argues that the grade crossing accident resulted from Amtrak's failure to (1) operate its train at a moderate speed that would allow the train's headlights and engine bell to provide better warning to pedestrians, (2) ring the engine bell fifteen seconds before reaching the Edgebrook station in violation of 49 C.F.R. § 222.27, and (3) continuously ring the engine bell in violation of Section 9-124-410 of the Chicago

Municipal Code. Amtrak moves for summary judgment on these claims and Plaintiff does not contest Amtrak's position. Accordingly, summary judgment is granted on the aforementioned claims.

Additionally, Plaintiff raises, for the first time in his response to Amtrak's motion for summary judgment, a failure to instruct claim arguing that Amtrak failed to periodically instruct its employees on the meaning and scope of the railroad's operating rules. According to well-established federal procedural rules, a plaintiff is not allowed to raise an argument for the first time at the summary judgment stage. *Johnson v. Cypress Hill*, 641 F.3d 867, 873 (7th Cir. 2011). Furthermore, discovery in this case closed on August 18, 2010. If the Court allows this claim to proceed, Amtrak would require additional discovery. For all these reasons, the Court strikes Plaintiff's failure to instruct claim.

## II.     Illinois Wrongful Death Act Claim

Plaintiff alleges that Amtrak was negligent in the wrongful death of his wife because it failed to provide sufficient warning signals of the train's approach. To succeed under the Illinois Wrongful Death Act, a plaintiff must establish, among other elements, that the defendant owed a duty to the decedent, the defendant breached that duty, and the breach proximately caused the decedent's death. *Thompson v. City of Chi.*, 472 F.3d 444, 457 (7th Cir. 2006) (citing *Leavitt v. Farwell Tower Ltd. P'ship*, 625

N.E.2d 48, 52 (Ill. 1993)). In Illinois, a railroad company has a common law duty, with respect to crossings, to provide adequate warning to pedestrians. *Magna Bank of McLean Co. v. Ogilvie*, 601 N.E.2d 1091, 1095 (Ill. App. Ct. 1992). Railroad personnel are required to keep a proper lookout for pedestrians in the vicinity of the tracks, particularly in populated areas and often-traveled crossings. *Shine v. Wabash R.R.*, 132 N.E.2d 41, 46 (Ill. App. Ct. 1956). If a person is observed on or near the tracks in a place of danger, the train crew has to give a warning signal. *Magna Bank,* 601 N.E.2d at 1095. "[T]he amount of protection required at a crossing is strictly a jury question to be determined from the circumstances of each case." *Baker v. Norfolk & W. Ry.,* 256 N.E.2d 887, 891 (Ill. App. Ct. 1970). Likewise, contributory negligence and proximate cause are ordinarily questions for the trier of fact and are rarely decided as a matter of law. *West v. Kirkham*, 566 N.E.2d 523, 526 (Ill. App. Ct. 1991) (contributory negligence); *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1071 (Ill. App. Ct. 1999) (proximate cause).

Amtrak agrees that it was obligated to provide adequate, sufficient warnings to pedestrians when its train was approaching the Edgebrook station, but contends it has fulfilled that duty. Amtrak further argues that it would in any event prevail because Joyce's failure to look and listen for approaching trains was the sole proximate cause of the accident.

Plaintiff, however, has set forth specific facts showing that there is a genuine issue for trial. The record contains conflicting evidence as to whether Abfalder negligently operated his train by failing to keep a proper lookout and promptly sound its audible warnings, namely, the locomotive horn and the engine bell.

With respect to the locomotive horn, Diane testified that while she was walking across the western platform at a regular pace, she did not hear the horn until she was past the first rail. Additionally, apart from the fact that Abfalder said that he did not blow the horn because the event was totally unexpected, he admitted that he was aware that the Edgebrook station was a busy station with a lot of pedestrian crossings, and that "when he first saw the individuals they weren't at the rail yet." Based on this last statement - that when he first saw them they were not at a rail yet - Beall, the locomotive conductor expert hired by Plaintiff, opined that Abfalder should have seen Diane and Joyce at least when they were approaching the tracks and that, under Amtrak's operating rules, Abfalder should have blown the horn to signal the train's presence.[1] For purposes of this motion, an issue of fact is created thereby.

The record is similarly unclear as to whether Abfalder sounded the engine bell while the train was approaching the station. Although Abfalder testified that it is was

---

[1] Amtrak argues that Abfalder could not have seen Joyce earlier because when she stepped on the five-foot wide platform, the train's headlights did not illuminate her and Abfalder's attention was focused on Diane who was running across the tracks. However, the Court is not armed with the power to weigh the evidence. *See Baker*, 256 N.E.2d at 891.

his usual practice to automatically activate the engine bell every time the train reached a station, he could not recall whether he had activated the engine bell on that particular occasion.[2] Plaintiff's acoustical engineer, Kenric Van Wyk, also determined that the engine bell of an Amtrak train is audible to a person with normal hearing standing on the western platform for approximately two to three seconds before the train reaches the pedestrian crosswalk. *See also Applegate v. Chi. & N.W. Ry. Co.*, 78 N.E.2d 793, 797 (Ill. App. Ct. 1948) (finding that train whistle of a train traveling at 90 mph could not be heard until four seconds before crossing). Drawing all inferences in favor of the nonmoving party, a jury could determine that Abfalder forgot to ring the engine bell and that, assuming he had, three seconds were not enough for a forty-eight year old woman to clear from the danger of an onrushing train.

Finally, questions regarding proximate cause and contributory fault must be submitted to the finder of fact. It is the jury's task to determine whether a breach was the proximate cause of the injury and whether plaintiff's contributory negligence precludes or limits recovery.

---

[2] Although Amtrak asks the Court to admit Abfalder's testimony that he had a practice of sounding his engine bell every time he entered a station, in a summary judgment context, a Court draws all inferences in favor of the nonmoving party.

Under the particular circumstances of the case, Plaintiff has raised genuine factual issues that must be presented to a jury. Accordingly, Amtrak's motion for summary judgment is denied.

**CONCLUSION**

Based on the foregoing analysis, Amtrak's summary judgment motion is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated:   October 7, 2011